IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIVA CAMERON-KNIGHT as "friend" of SHUNDELL L. DICKERSON, ) ) | |
| Petitioner, ) ) | |
| v. ) | No. 3:14-cv-01406 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

**ORDER**

Kiva Cameron-Knight has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 on behalf of Shundell L. Dickerson, who, she claims, is being held in violation of his constitutional rights. Dickerson was convicted by a jury in Davidson County, Tennessee of facilitation to commit first-degree murder and sentenced to sixty years' incarceration. His conviction was confirmed on direct review. *State v. Dickerson*, No. M2006-02021-CCA-R3-CD, 2008 WL 2780591 (Tenn. Ct. Crim. App. July 18, 2009), *perm. app. denied* (Tenn. Jan. 20, 2009). His petition for post-conviction relief was denied on initial review and by the Tennessee Court of Criminal Appeals. *Dickerson v. State*, No. M2011-00644-CCA-R3-PC, 2013 WL 765078 (Tenn. Ct. Crim. App. Feb. 27, 2013), *perm. app. denied* (Tenn. Aug. 14, 2013). The claims in the petition contest the effectiveness of post-conviction counsel. For the reasons stated herein, however, the Court will dismiss without prejudice the petition for the writ of habeas corpus, for lack of jurisdiction.[1]

An application for a writ of habeas corpus may be filed by one person on behalf of another. *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status is not conferred automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be granted. *Id.* First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated

---

[1] The Court also notes that the petition apparently fails to state cognizable habeas claims, because the petitioner has no constitutional right to the effective assistance of post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

to the best interests of the person on whose behalf he seeks to litigate." *Id.*; *see also Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (citing *Whitmore, supra*; *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998)). "The putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'" *Tate*, 72 F. App'x at 266 (citing *Whitmore*, 495 U.S. at 164).

In this case, Kiva Cameron-Knight has failed to satisfy either prerequisite. She states only that she is "a friend" of Dickerson's and that Dickerson "is incompetent and has a difficult time understanding information." (Habeas petition, ECF No. 1, at 15.) Regarding the first prerequisite, the bare assertion that Dickerson is incompetent and has difficulty understanding does not "clearly establish" mental incompetence. Cameron-Knight has not shown that Dickerson has been declared mentally incompetent by prison authorities or mental-health expert or that he suffers from some disability. The Court notes that the petitioner's mental competence was not an issue raised during any of the state-court criminal or post-conviction proceedings. As for the second requirement, Cameron-Knight's claim to be a friend of Dickerson's, without more, does not establish that she is "truly dedicated" to his best interests. Cameron-Knight's failure to establish a basis for proceeding as Shundell Dickerson's "next friend" precludes the Court from considering the instant petition.

This action is therefore **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Court makes no determination as to the merits or timeliness of the claims contained in the petition.

Further, because reasonable jurists could not debate whether the Court was correct in its procedural ruling, the Court **DENIES** a certificate of appealability.

The Clerk is **DIRECTED** to provide notice of this order to the Attorney General for the State of Tennessee, Kiva Cameron-Knight, and Shundell Dickerson.

It is so **ORDERED**.

This is a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Todd Campbell
United States District Judge